# IN THE UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF ILLINOIS
# EASTERN DIVISION

| | |
|---|---|
| QUANDRA SPEIGHTS, | ) |
| Plaintiff, | ) ) ) |
| vs. | ) Case No. 18 C 557 |
| THE BOEING COMPANY, | ) ) ) |
| Defendant. | ) ) |

## MEMORANDUM OPINION AND ORDER

MATTHEW F. KENNELLY, District Judge:

Quandra Speights sued the Boeing Company, her former employer, for employment discrimination under Title VII. In January 2019, she voluntarily dismissed her case with prejudice and orally moved to dismiss the case without costs. Boeing opposes that motion and has moved for costs totaling $11,515.05.

### Discussion

Under Federal Rule of Civil Procedure 54, the prevailing party in litigation is generally entitled to recover costs. Fed. R. Civ. P. 54(d)(1). Speights does not dispute that Boeing became the prevailing party after she dismissed her claims with prejudice. *See Mother & Father v. Cassidy*, 338 F.3d 704, 708 (7th Cir. 2003) ("[A] voluntary dismissal with prejudice renders the opposing party a 'prevailing party' within the meaning of Rule 54."). Instead, she argues that the Court should decline to order her to pay costs because she is indigent and unable to pay. In the alternative, she objects to some of Boeing's requested costs as unnecessary and not properly taxable.

## A. Indigency

Although the losing party is generally required to pay the prevailing party's litigation costs, there is a narrow exception for indigency. *Rivera v. City of Chicago*, 469 F.3d 631, 636 (7th Cir. 2006). To prove that she is indigent, Speights must "show not only that she [is] incapable of paying court-ordered costs at the time they [are] imposed but also that she will be incapable of paying them in the future." *Id.*; *see also McGill v. Faulkner*, 18 F.3d 456, 459 (7th Cir. 1994) ("McGill failed to establish in this record that he was incapable of paying the court-imposed costs at this time or in the future."). "The burden of proving financial hardship falls on the objecting party, who must provide the court with sufficient documentation such as affidavits, statements of assets and income, and a schedule of expenses." *Rossi v. City of Chicago*, 790 F.3d 729, 738 (7th Cir. 2015). In support of her motion, Speights submitted a financial affidavit and several supporting documents that she contends show that she is unable to pay court-ordered costs.

The Court concludes that Speights has not provided evidence sufficient to show that she is incapable of paying costs both now and in the future. First, her 2018 tax return shows that she made over $28,000 last year. Her employment income from January and February 2019 shows that she continued making money approximately commensurate with her 2018 earnings. Speights is not married and has no children, although she stated she financially supports a distantly related family member. Though Speights attests that she was recently laid off from her part-time job, she has not provided evidence that she will be unable to find comparable employment again in the future. Her recent income does not suggest indigence for a single person with one

dependent. *See* U.S. Department of Health & Human Services, HHS Poverty Guidelines for 2019, https://aspe.hhs.gov/poverty-guidelines (last visited May 17, 2019) (setting the poverty level for a two-person household at $16,920); *see also Mitchell v. City of Chicago*, No. 09-cv-03315, 2014 WL 12878920, at *2 (N.D. Ill. May 5, 2014) (relying on the federal poverty guidelines in finding that the plaintiff was not indigent).

Although Speights' reported income is modest, her affidavit indicates that she owns two separate residential properties from which she collects monthly rental income. Her monthly gross income on that property exceeds $6,000. Even if, as Speights attests, she earns little to no money on those properties after accounting for expenses, the properties are nonetheless significant assets. In light of Speights' ownership of these assets, the Court concludes that she has not met her burden to show that cannot pay costs now and will be unable to do so in the future.

**B.     Bill of costs**

Boeing seeks to recover a total of $11,505.15 in costs associated with serving subpoenas on two non-party witnesses and obtaining deposition transcripts. As the party seeking an award of costs, Boeing "carries the burden of showing that the requested costs were necessarily incurred and reasonable." *Trs. of Chi. Plastering Inst. Pension Tr. v. Cork Plastering Co.*, 570 F.3d 890, 906 (7th Cir. 2009). Speights does not object to the necessity of the service costs, but she argues that some of the deposition expenses are unreasonable.

    **1.     Videography**

Speights argues that Boeing should not be allowed to recover the costs of video recording certain depositions in addition to obtaining written transcripts. The prevailing

party may recover the costs of both stenographically and video recording depositions if a video recording is reasonably necessary. *The Medicines Co. v. Mylan Inc.*, No. 11-cv-1285, 2017 WL 4882379, at *5 (N.D. Ill. Oct. 30, 2017). But Boeing has made no effort to explain why it was necessary to video-record the depositions in this case. The Court concludes that Boeing has not met its burden to show that those costs were reasonably and necessarily incurred. It therefore reduces the amount of costs by $4,015.50, or the total cost of the videography reflected in the deposition invoices.

### 2. Transcript costs and attendance fees

Local Rule 54.1(b) states that "the costs of the transcript or deposition shall not exceed the regular copy rate as established by the Judicial Conference of the United States." Those rates are $3.65 per page for original transcripts and $.90 per page for copies. U.S. Courts, Federal Court Reporting Program, http://www.uscourts.gov/services-forms/federal-court-reporting-program#rates (last visited May 17, 2019). Similarly, court reporter attendance fees cannot exceed the following rates: "$110 for one half day (4 hours or less), and $220 for a full day attendance fee." *See* U.S. District Court for the Northern District of Illinois, Transcript Rates, https://www.ilnd.uscourts.gov/Pages.aspx?rsp2kxYIAI6Z3skP0PESA+q3bXKkfRyo (last visited May 17, 2019).

First, the Court notes that the invoice for the transcript of James Reese's deposition does not indicate the transcript's page length. It is therefore impossible to assess whether the per-page cost of that transcript is appropriate. For this reason, the Court concludes that Boeing has not met its initial burden to show that the cost of obtaining Reese's deposition was necessary and appropriate and declines to award the requested $1,054.75.

With respect to the other deponents, Boeing's requested costs significantly exceed the rate limits for transcripts and attendance fees. For the five depositions Boeing defended, it is entitled only to the $.90 per page rate for transcript copies, but the invoices reveal that it seeks $2.95 or more per page. The requested costs also encompass rates above the $3.65 per page limit for original transcripts. Boeing's requested costs are reduced by a total of $1,353.35 to adhere to the maximum transcript rates.

The requested deposition costs also reflect attendance fees in excess of the limits in the local rules. Because Boeing paid attendance fees for two full days of depositions, its costs are limited to $440, and the Court therefore reduces the requested costs by $672.50.

### 3. Incidental costs

Finally, Speights argues that certain costs incidental to taking depositions are not appropriately taxed. "[C]osts associated with delivery, shipping, or handling transcripts are ordinary business expenses and are not recoverable." *Chi. Bd. Options Exch., Inc. v. Int'l Sec. Exch., LLC*, No. 07 CV 623, 2014 WL 125937, at *3 (N.D. Ill. Jan. 14, 2014). Although the Court has discretion to award delivery costs, *see Finchum v. Ford Motor Co.*, 57 F.3d 526, 534 (7th Cir. 1995), Boeing has made no effort to explain why those costs are reasonably necessary and should not be considered ordinary, nontaxable business expenses. The Court therefore reduces Boeing's requested costs by $85.50.

Applying the reductions described above to Boeing's requested costs, the Court concludes that Boeing is entitled to $4,333.45 in costs.

**Conclusion**

For the foregoing reasons, the Court denies the plaintiff's motion to dismiss the case with prejudice and without costs. The Court orders the plaintiff to pay the defendant's costs in the amount of $4,333.45.

_____
MATTHEW F. KENNELLY
United States District Judge

Date: May 20, 2019